IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ALEXANDER DYLAN GREEN, et al.,  )
                                )
    Plaintiffs,                 )
                                )
v.                              )   No.  3:05-cv-215
                                )         3:05-cv-268
TIMOTHY HUTCHISON, et al.,      )
                                )
    Defendants.                 )

## MEMORANDUM OPINION

This civil action is before the court on the motion of defendant Sheriff Timothy Hutchison, sued in his individual capacity, for summary judgment [doc. 31]. The plaintiffs have not responded to the motion within the time allowed. The court finds that oral argument on the motion is not necessary, and the motion is ripe for the court's consideration. For the reasons discussed below, the motion will be granted in part and denied in part.

In their complaint, the plaintiffs allege that Alexander Dylan Green was arrested on April 23, 2004, by Knox County Sheriff's deputies. No reason for the arrest is stated in the complaint. It is alleged that Alexander was exhibiting signs of mental illness at the time of his arrest. The plaintiffs say that Alexander was given drugs to treat his symptoms rather than providing him with adequate

medical attention in a hospital.  It is alleged that his parents were not allowed to visit him, and he was not allowed to use the pay phone at the detention facility. On May 2, 2004, Alexander was transferred to the University of Tennessee Hospital where he was diagnosed with a drug overdose, "alerted mental status, psychosis, marked hypovolemia and mild hepatitis."  While hospitalized he allegedly was kept in restraints and not allowed to see his minister.  On May 11, 2004, Alexander was transferred to Peninsula, a psychiatric center, where he stayed until May 17, 2004.  Alexander was placed on pretrial release on May 18, 2004.

The specific complaints against Sheriff Hutchison, sued in his individual capacity, are found in Counts Three, Ten and Eleven.  The claims in Count Three are brought pursuant to 42 U.S.C. §§ 1983 and 1988.  The plaintiffs allege that Sheriff Hutchison has a policy of investigative detention which violated the plaintiffs' due process and equal protection rights, specifically the following Tennessee constitutional and statutory rights: a detainee's right to bail; a detainee's right to know the charges against him; a detainee's right to make a telephone call; and a detainee's right to be taken to a magistrate without unnecessary delay.  Count Ten alleges that Sheriff Hutchison neglected his duty to train his deputies, and Count Eleven alleges that Sheriff Hutchison is liable to the plaintiffs on his bond.

Other than the allegations in the complaint, no other facts related to Alexander's detention have been presented to the court by way of affidavit or deposition, except defendant Sheriff Hutchison has submitted an affidavit denying any connection with Alexander's detention and stating that his deputies were all adequately trained. Also submitted with the motion for summary judgment is the affidavit of Tim Christol who is the director of training for the Sheriff's Department. He states that the Sheriff's deputies have all been trained pursuant to the Peace Officers Standards and Training Commission.

## **Legal Discussion**

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If an adverse party does not respond, summary judgment may be granted "if appropriate." Summary judgment cannot be granted simply because the adverse party has not responded. *See Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). The moving party always has the burden of demonstrating the absence of a genuine issue of material fact, regardless if an

3

adverse party fails to respond.  *Carver*, 946 F.2d at 454-55.  The movant meets this burden if he shows that there is an absence of evidence to support the opposing party's case.  *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  The movant may challenge the sufficiency of the allegations, or present evidence that refutes the allegations.  *Id.*

  A.  Count Three

  Sheriff Hutchison's summary judgment argument on this count presumes that there was an investigative detention of Alexander rather than an arrest.[1]  Sheriff Hutchison has not presented any evidence on this issue.  In their complaint, the plaintiffs allege that Alexander was arrested, an allegation that is supported by later averments in the complaint that Alexander was a "pre-trial detainee"; that he was restrained and under guard while in the hospital; and that he was released from the Knox County Detention Center "under the supervision of the Knox County Pretrial Release office."

  In addition, Count Three alleges violations of Alexander's due process and equal protection rights guaranteed by the Tennessee Constitution and statutes.  Sheriff Hutchison did not address any of these allegations in his motion for summary judgment.

---

[1] The source of the confusion lies in the complaint.  As noted above, Count Three states: "Defendant HUTCHISON and KNOX COUNTY'S custom of Investigative Detentions denied Plaintiff his right under the Fourteenth Amendment to due process and equal protection of fundamental rights granted Plaintiffs as arrested persons . . . ."  Nevertheless, it occurs to the court that some minimal discovery on the part of the Sheriff might have cleared up the issue.

4

For these reasons, the court finds that summary judgment on Count Three is inappropriate at this time. Sheriff Hutchison's motion related to this count will be denied, but with leave to renew when and if the investigative detention/arrest issue is sorted out and if the motion actually addresses the plaintiff's claims.

B. Count Ten

The plaintiffs allege in Count Ten that Sheriff Hutchison had a duty to plaintiff [Alexander] while he was in the custody of the Knox County Sheriff's Department. Specifically, the plaintiffs allege that Sheriff Hutchison failed and neglected to train and supervise his employees concerning: (1) proper medical care for mental illness; (2) equal access to telephone contact; and (3) rights of detainees to contact with ministers, family and other persons. It is not clear whether these claims are made pursuant to 42 U.S.C. § 1983 or if they are state law claims for negligence. In his motion for summary judgment, Sheriff Hutchison argues that he has no duty in his individual capacity to train his deputies and, even if he did, the training his deputies received meets and exceeds the State standards.

The court finds that these claims against Sheriff Hutchison in his individual capacity should be dismissed. The court is not aware of any duty a sheriff might have, absent his official status, to train his deputies. *See Riley v. Newton*, 94 F.3d 632, 637 (11th Cir. 1996); *see also Doe v. May*, No. E2003-

1642-COA-R3-CV, 2004 WL 1459402 at *5 (Tenn. Ct. App. June 29, 2004) ("absent his official status, the sheriff has no duty to train the employees in the sheriff's department").

### C. Count Eleven

The plaintiffs also claim that Sheriff Hutchison should be liable to them because of his failure to perform the duties he swore to carry out when he took his oath to secure a bond as required by State statute. Under section 8-8-103 of the Tennessee Code Annotated, a sheriff "shall enter into an official bond . . . faithfully to execute the office of sheriff and perform its duties and functions during such person's continuance therein." The obligations of the principal and the surety are set out in section 8-8-301 of the Tennessee Code Annotated.

The Sheriff points out in his motion that this court has ruled in numerous other cases that section 8-8-301 does not create a cause of action against the sheriff. In its prior rulings, the court considered the following authority persuasive:

> The plaintiff has placed considerable emphasis upon the sheriff's surety bond and the statutory definition of the obligations covered by the bond as set forth in T.C.A. 8-1920 [now codified as § 8-8-301], as forming a basis for imputing to the sheriff and the surety the negligence of [defendant]. However, it is clear that the official bond of a sheriff creates no new cause of action against him and that his official bond binds him no further than he would be liable without it . . . .

6

*Waters v. Bates*, 227 F. Supp. 462, 465-66 (E.D. Tenn. 1964); *see also Doe v. May*, No. E2003-1642-COA-R3-CV, 2004 WL 1459402, at *5 (Tenn. Ct. App. June 29, 2004) (citing *Waters* with approval).

Absent any authority to the contrary, the court finds that this claim against Sheriff Hutchison must be dismissed.

## Conclusion

For the reasons discussed above, the plaintiffs' claims set out in Counts Ten and Eleven against Sheriff Hutchison in his individual capacity must be dismissed. The Sheriff's motion for summary judgment of the § 1983 claims in Count Three will be denied.

ENTER:

    *s/ Leon Jordan*
United States District Judge