IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


ALEXANDER DYLAN GREEN, et al.,    )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )   No.  3:05-cv-215
                                   )        3:05-cv-268
TIMOTHY HUTCHISON, et al.,         )
                                   )
        Defendants.                )


## MEMORANDUM OPINION

This civil action is before the court on the second motion of defendant Sheriff Timothy Hutchison, sued in his individual capacity, for summary judgment [doc. 41]. The plaintiffs have responded to the motion [doc. 45] and the defendant has filed a reply brief [doc. 46]. The court finds that oral argument on the motion is not necessary, and the motion is ripe for the court's consideration. For the reasons discussed below, the motion will be denied.

In their complaint, the plaintiffs allege that Alexander Dylan Green was arrested on April 23, 2004, by Knox County Sheriff's deputies. No reason for the arrest is stated in the complaint. It is alleged that Alexander was exhibiting signs of mental illness at the time of his arrest. The plaintiffs say that Alexander was given drugs to treat his symptoms rather than providing him with adequate

medical attention in a hospital. It is alleged that his parents were not allowed to visit him, and he was not allowed to use the pay phone at the detention facility. On May 2, 2004, Alexander was transferred to the University of Tennessee Hospital where he was diagnosed with a drug overdose, "alerted mental status, psychosis, marked hypovolemia and mild hepatitis." While hospitalized he allegedly was kept in restraints and not allowed to see his minister. On May 11, 2004, Alexander was transferred to Peninsula, a psychiatric center, where he stayed until May 17, 2004. Alexander was placed on pretrial release on May 18, 2004.

      The specific complaints against Sheriff Hutchison, sued in his individual capacity, are found in Counts Three, Ten and Eleven.[1] The claims in Count Three are brought pursuant to 42 U.S.C. §§ 1983 and 1988.[2] The plaintiff alleges that Sheriff Hutchison and Knox County have a custom of investigative detention which violated the plaintiff's due process and equal protection rights, including the following Tennessee constitutional and statutory rights: a detainee's right to bail; a detainee's right to know the charges against him; a detainee's right to make a telephone call; and a detainee's right to be taken to a magistrate without unnecessary delay. Other than the allegations in the complaint, no other

---

[1] By prior Order of the court [doc. 35], Counts Ten and Eleven stating claims against Sheriff Hutchison in his individual capacity, have been dismissed. Count Three was not dismissed because the court was not supplied with any information as to whether the plaintiff was arrested or merely "detained."

[2] The § 1983 claims found in Count Three only apply to plaintiff Alexander Green, so the court will refer only to him in the following discussion.

facts related to Alexander's detention have been presented to the court by way of affidavit or deposition, except defendant Sheriff Hutchison has submitted a second affidavit denying any connection with Alexander's "arrest or detention."

## Legal Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If an adverse party does not respond, summary judgment may be granted "if appropriate." Summary judgment cannot be granted simply because the adverse party has not responded. *See Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). The moving party always has the burden of demonstrating the absence of a genuine issue of material fact, regardless if an adverse party fails to respond. *Carver*, 946 F.2d at 454-55. The movant meets this burden if he shows that there is an absence of evidence to support the opposing party's case. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The movant may challenge the sufficiency of the allegations, or present evidence that refutes the allegations. *Id.*

In his current motion for summary judgment, Sheriff Hutchison argues that "the Plaintiffs' claims in Count 3 as to Defendant Hutchison based upon an alleged custom of investigative detention are official capacity claims." His position is based, in part, on paragraph nine of the complaint: "Defendant Hutchison is sued in his individual capacity for his failure and neglect to perform his duties as Sheriff of Knox County, Tennessee." He argues that paragraph nine limits his exposure in his individual capacity to "failure and neglect to perform his duties," and Count Three does not apply to this limitation. He thus concludes that Count Three only applies to him in his official capacity, even though he is specifically named in the Count.

This appears to be a "notice" argument. The general rules of pleading provided for in the Federal Rules of Civil Procedure are designed to give a defendant notice of the nature of the claim. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1202 (3d ed. 2004) ("The only function left to be performed by the pleadings alone is that of notice."). Although the pleadings in this case are not very artful, the court finds that Sheriff Hutchison reasonably was put on notice that he was being sued in his individual capacity for negligence (¶ 9) and for violations of the plaintiff's equal protection and due process rights (¶¶ 48-53). Thus, the court finds that Sheriff Hutchison's argument that paragraph nine limits his liability is not well taken.

Sheriff Hutchison also argues, as he did in his original motion for summary judgment, that Count Three does not apply to him because he had no personal contact with Alexander, either at the time of his arrest or detention or during his incarceration. In response, the plaintiff contends that Sheriff Hutchison has failed to meet his burden of establishing that he is entitled to summary judgment because he has not come forward with any evidence that the plaintiff was arrested rather than detained, and he has not addressed the plaintiff's contentions that the sheriff violated the plaintiff's due process and equal protection rights.

A sheriff cannot be held liable for the acts of his deputies under a *respondeat superior* theory of liability. See Mills v. City of Barbourville, 389 F.3d 568, 580 (6th Cir. 2004).

> In order to establish liability pursuant to § 1983, the plaintiff must prove that the defendant, as a supervisory official, is *personally* responsible for the alleged unconstitutional actions that caused his injury. At a minimum, the plaintiff must demonstrate that a supervisory official condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional conduct.

*Id.* (citation omitted) (emphasis in original).

Assuming arguendo that the Sheriff's Department had sufficient probable cause to **arrest** Alexander and that Sheriff Hutchison played no part in the arrest as he states in his affidavits, then summary judgment for the Sheriff would be appropriate on this Count. On the other hand, if Alexander was picked

5

up by the Sheriff's Department without probable cause pursuant to an alleged custom of **investigative detention** and held for almost thirty days before being released, then the Sheriff may be liable if he condoned the use of such a custom by his deputies. In order to establish that he is entitled to summary judgment on Count Three under this factual scenario, the Sheriff would have to show that he does not have a custom or policy of investigative detention nor does he condone or authorize his deputies to seize individuals under any such custom or policy.

The Sheriff has not come forward with any evidence on this issue, and he is not entitled to summary judgment on Count Three in the absence of such evidence.[3]

Sheriff Hutchison also argues that he is entitled to qualified immunity. The first question to be resolved is whether the facts alleged in the complaint show that the officer violated the constitutional rights of the plaintiff. If so, then the court should determine whether the rights were clearly established at the time of the incident. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In this case, as discussed above, the facts surrounding the seizure of Alexander are unsettled, and the court cannot determine whether there has been a violation of Alexander's constitutional rights. The factual ambiguity that neither

---

[3] In Count Three, the plaintiff also claims that violations of his state law rights to bail, phone calls, etc. violated his § 1983 constitutional rights. Section 1983 only applies to these wrongs if they rise to the level of federal constitutional violations. *See Paul v. Davis*, 424 U.S. 693, 700 (1976).

party has seen fit to resolve requires the court to find that qualified immunity is improper at this time.

For these reasons, the second motion for summary judgment filed by defendant Sheriff Hutchison will be denied. An order reflecting this opinion will be entered.

ENTER:

_s/ Leon Jordan_
United States District Judge